# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Steven Buck, Terry Stewart and**
**William Jones,**
**Petitioners**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-1046** (Brooke County 14-C-59)

**Brooke County Board of Education,**
**Ronald Staffileno and Kathy Kidder-Wilkerson,**
**Respondents**


## MEMORANDUM DECISION


Petitioners Steven Buck ("Mr. Buck"), Terry Stewart ("Mr. Stewart"), and William Jones ("Mr. Jones"), by counsel Paul J. Harris, appeal the order of the Circuit Court of Brooke County, entered on November 9, 2018, granting respondents' motion for summary judgment. Respondents Brooke County Board of Education ("the board"), Ronald Staffileno (the board's director and coordinator of supportive services), and Kathy-Kidder Wilkerson (the board's superintendent of schools) appear by counsel David L. Wyant and Diane G. Senakievich.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Buck, Mr. Stewart, and Mr. Jones were school bus operators for the board. In 2013, Mr. Buck reported to the board's assistant superintendent that a co-worker sold scrap metal belonging to the board for personal gain, a practice previously allowed. The board confirmed that the co-worker had done so, and the co-worker remitted to the board the total amount that he profited from the sale. Thereafter, Mr. Stewart, Mr. Buck, and Mr. Jones hired a private investigator to verify the co-worker's actions. They gave the investigator's report to the Brooke County Sheriff's Department in October of 2013, and the sheriff notified the county prosecutor, who declined to prosecute. Mr. Buck, Mr. Stewart, and Mr. Jones allege that they subsequently suffered retaliation in late 2013 that led them, in 2014, to file a civil action in Brooke County. They asserted claims under the West Virginia Whistle-Blower Law, found at West Virginia Code §§ 6C-1-1 through -8, and, in the case of Mr. Jones, for constructive discharge. The circuit court ultimately found that none of the petitioners asserted that the board retaliated "by changing the employee[s'] compensation, terms, conditions, location or privileges of employment," as necessary to maintain the statutory whistle-blower claim. It also found that Mr. Jones failed to

1

offer evidence supporting his constructive discharge claim. The circuit court accordingly granted respondents' motions for summary judgment and dismissed the action from its docket.

On appeal, Mr. Buck, Mr. Stewart, and Mr. Jones present a single assignment of error. They argue that the circuit court erred in "limiting" the damages available to them under the aforementioned Whistle-Blower Law because, they say, the statutory scheme provides for all-encompassing "actual damages." Inasmuch as this appeal arises from the grant of summary judgment, our review is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

Petitioners' lone assignment of error fails to strike the circuit court's basic rationale. The circuit court did not "limit" the damages available to Mr. Buck, Mr. Stewart, or Mr. Jones, but rather found no statutory remedies available to the three because they offered no evidence in support of their claims that the board had taken any action entitling them to relief. Specifically, there was no evidence that the board "chang[ed their] compensation, terms, conditions, location or privileges of employment." These are the actions specifically prohibited by the Whistle-Blower Law, and these are the only "damages" a petitioner might suffer entitling him to recompense. We often remind litigants that

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 4, *id*. It is essential to provide evidence of an adverse employment action described in the statute to proceed under the Whistle-Blower Law. The circuit court found that Mr. Buck, Mr. Stewart, and Mr. Jones failed to do so, and these petitioners on appeal did not assign error to the circuit court's finding. We thus find no error in the circuit court's grant of summary judgment.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:** March 23, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

2